# SUPREME COURT.

## MARSHAL A. MATHIS agt. DAVID P. VAIL.

A motion noticed for *chambers* in the *first district*, if not heard on the day for which it is noticed, stands over, as *a matter of course*, to such day as it can be heard, or is disposed of by one party or the other.

What applications to be heard at chambers, how, when, &c.

*At Chambers, New-York, Feb.*, 1855.

THE defendant had noticed a motion at chambers for Monday, February 5th. On that day plaintiff appeared, to oppose

Mathis agt. Vail.

the motion; but, finding there was no judge at chambers on that day, left, supposing another notice must be given before the motion could be made. On Tuesday, February 6th, the defendant appeared; but, on account of the press of business, was unable to make the motion. On Wednesday, February 7th, the defendant again appeared, and took his motion by default.

The plaintiff now moves to set aside the order so taken by default, for irregularity.

I. T. WILLIAMS, *for plaintiff.*

T. FESSENDEN, *for defendant.*

CLERKE, Justice. All special motions are to be heard before the *court*, and not before a *judge* out of court; with a few exceptions—such as the proceedings under § 247 of the Code. The judge sits at chambers, principally, to attend to the latter out of court business, consisting of *ex parte* orders, not requiring notice, the issuing of writs of *habeas corpus;* and the hearing on the return to such writs, the examination of witnesses *de bene esse*, the examination of judgment debtors under supplementary proceedings, &c. These, when not heard, require to be separately and specifically set down for a particular day. In addition to this business, frequently, in fact, daily, while sitting at chambers, he holds a special term, to hear short contested motions, and applications for judgment in certain cases. All such motions that are not heard on the day for which they are noticed, in consequence of the inability of the court to hear the same, stand over, as a matter of course, until the next day, unless a different disposition should be made by the direction of the judge, or the consent of parties.

The fact, that a calendar of motions is not made at chambers, is no reason why this practice should not obtain. The calendar is employed in the Saturday chambers of the court, to apprise the judge of the titles of the actions, and to arrange the order in which the causes should be heard, or tried. It is not at all essential to the continuance of the cause before him; and when he adjourns, all matters before the court on that day,

on notice, and not heard, stand over without further order, whether he has, or has not a calendar, until the day to which he adjourns.

I see no reason, therefore, for vacating the order obtained in this case.